**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4090**

———————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

   v.

FREDERICK WILLIAM FARRINGTON,

     Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:99-cr-00127-JAB-1)

———————

Submitted: November 5, 2010   Decided: November 16, 2010

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick William Farrington appeals the district court's order revoking his term of supervised release and sentencing him to twenty-four months' imprisonment. Farrington's sole argument on appeal is that the Government failed to satisfy its burden of producing competent evidence to establish that the substance seized from his person was in fact heroin. Farrington asserts that the field test administered by the arresting officer, which confirmed that the seized substance was a controlled substance, is unreliable and insufficient to support the Government's burden.

This court reviews a district court's order imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In a revocation proceeding, "findings of fact are made under a preponderance-of-the-evidence, rather than reasonable-doubt, standard, the traditional rules of evidence are inapplicable, and the full panoply of constitutional protections afforded a criminal defendant is not available." United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999) (internal quotation

marks and citations omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

Our review of the record convinces us that the district court correctly concluded that Farrington committed the alleged violations, particularly the violation of the prohibition on committing any additional crimes, and properly revoked his supervised release. Accordingly, we affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Because Farrington does not assert any challenge pertaining to the revocation sentence, we have not reviewed that issue. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).